IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| OWNERS INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. _____ |
| RYAN D. WATSTEIN, JIM | ) | |
| THOMPSON AUTOS, INC., | ) | |
| JAMES P. THOMPSON and | ) | |
| ANTHONY LOPEZ, | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW OWNERS INSURANCE COMPANY ("Owners") and files

this Complaint for Declaratory Judgment, showing the Court as follows:

## **PARTIES**

1.

Owners is a corporation organized and existing under the laws of the state of

Ohio, with its principal place of business in Michigan.

2.

Ryan D. Watstein ("Watstein") is an individual who is a domiciliary and

resident of the City of Atlanta in the state of Georgia.   As a natural person who is a

citizen of the United States, who is physically present in Georgia and who intends to

make Georgia his home, Watstein is an individual citizen of the state of Georgia. Watstein is subject to the jurisdiction and venue of this Court.

3.

Jim Thompson Autos, Inc. ("JT Autos") is a corporation organized and existing under the laws of the state of Georgia with its principal place of business and citizenship in Georgia.   JT Autos is subject to the jurisdiction and venue of this Court.

4.

James P. Thompson ("Thompson") is an individual who is a domiciliary and resident of the state of Georgia.   As a natural person who is a citizen of the United States, who is physically present in Georgia and who intends to make Georgia his home, Thompson is an individual citizen of the state of Georgia.   Thompson is subject to the jurisdiction and venue of this Court.

5.

Anthony Lopez ("Lopez") is an individual who is a domiciliary and resident of the state of Georgia.   As a natural person who is a citizen of the United States, who is physically present in Georgia and who intends to make Georgia his home, Lopez is an individual citizen of the state of Georgia.   Lopez is subject to the jurisdiction and venue of this Court.

6.

Each named defendant has been joined in compliance with case law requiring the insurer seeking a declaratory judgment to bring into the action all individuals or entities who have a financial or other interest in the outcome of the coverage issues to be decided through the declaratory judgment.

## JURISDICTION AND VENUE

7.

This Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1332 because this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

8.

This Court has personal jurisdiction over each of the Defendants joined in this lawsuit as they are domiciled in, and citizens of, the state of Georgia.

9.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## NATURE OF ACTION

### 10.

This is a complaint for declaratory judgment brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between Owners and Defendants.

### 11.

A controversy of a judicial nature presently exists among the parties which demands a declaration by this Court in order that Owners may have its rights and duties under the applicable contract of insurance determined and avoid the possible accrual of damages.

## THE UNDERLYING CLAIMS

### 12.

Watstein purchased an automobile from JT Autos.

### 13.

Watstein contends he purchased the automobile from JT Autos in reliance upon certain willfully fraudulent representations of Lopez, Thompson and JT Autos.

14.

Watstein contends that after he purchased the automobile from JT Autos, it began to malfunction.

15.

Watstein further contends that despite numerous service visits, the automobile never drove correctly.

16.

On or about October 21, 2015, Watstein filed a lawsuit against JT Autos, Thompson and Lopez in the Superior Court of Cobb County, civil action file no. 15-1-8327-34 (the "Underlying Lawsuit").   A true and accurate copy of the original complaint filed in the Underlying Lawsuit is attached hereto as **Exhibit A**.   A true and accurate copy of the first amended complaint filed in the Underlying Lawsuit is attached hereto as **Exhibit B**.

17.

In the Underlying Lawsuit, Watstein contends that JT Autos, Thompson and Lopez perpetrated an egregious, wide-spread, and fraudulent scheme against numerous Georgia consumers, including Watstein, and that many of their violations of the law are also criminal.

- 5 -

18.

In the Underlying Lawsuit, Watstein contends that he was willfully and intentionally defrauded by JT Autos, Thompson and Lopez.

19.

In Count 1 of his first amended complaint filed in the Underlying Lawsuit, Watstein contends that JT Autos, Thompson and Lopez willfully made false representations in violation of Georgia's Fair Business Practices Act, committing "a number of unfair and deceptive acts".

20.

In Count 2 of his first amended complaint filed in the Underlying Lawsuit, Watstein contends that JT Autos, Thompson and Lopez committed fraud.

21.

In Count 3 of his first amended complaint filed in the Underlying Lawsuit, Watstein contends that JT Autos, Thompson and Lopez made negligent misrepresentations and that they knew their representations were false at the time they made them.

22.

In Count 4 of his first amended complaint filed in the Underlying Lawsuit, Watstein contends that JT Autos, Thompson and Lopez violated the Georgia Uniform Deceptive Trade Practices Act by willfully engaging in deceptive conduct.

23.

In Count 5 of his first amended complaint filed in the Underlying Lawsuit, Watstein contends that JT Autos, Thompson and Lopez willfully engaged in false advertising.

24.

In Count 6 of his first amended complaint filed in the Underlying Lawsuit, Watstein contends that JT Autos, Thompson and Lopez conspired to defraud him. In Counts 7 and 8, Watstein relatedly seeks litigation expenses and punitive damages.

25.

In the Underlying Lawsuit, Watstein seeks damages in an amount in excess of $75,000, exclusive of interest and costs, and he previously outlined damages in writing in excess of $100,000.

## THE INSURANCE CONTRACT

### 26.

Owners Insurance Company issued a garage liability ("GL") insurance policy to Jim Thompson Autos, Inc., policy number 43 -954-815-01, with an effective term of August 14, 2015 to August 14, 2016, subject to certain terms and conditions and applicable law (hereinafter "Policy").   The Policy was a renewal of a previous term or terms.

### 27.

JT Autos and Jim Thompson seek a defense and indemnity under the above-referenced Policy issued by Owners for the claims asserted against them in the Underlying Lawsuit.

### 28.

After receiving late notice of the claims asserted against JT Autos, Thompson and Lopez in the Underlying Lawsuit, Owners issued letters in which Owners provided notice of its reservation of rights to contest coverage under the Policy for the claims asserted.

### 29.

True and accurate copies of the reservation of rights letters are attached hereto as **Exhibit C**.

- 8 -

30.

After receiving notice of the claims asserted in the Underlying Lawsuit, Owners retained counsel to defend JT Autos, Thompson and Lopez against those claims, subject to the reservations of rights, until this Court makes a declaration as to the coverage issues in this action.

31.

The Policy issued by Owners to JT Autos affords no coverage for the facts and claims upon which the Underlying Lawsuit is based; and, therefore, Owners has no duty to defend or indemnify any Defendant named herein against the facts and claims asserted.

32.

The insuring agreement of the Policy provides, in pertinent part:

**INSURING AGREEMENT**

The attached Declarations describe the Coverages and Limits of Insurance for which **you** have paid a premium.   In reliance upon **your** statements in the Declarations and application(s), **we** agree to provide insurance subject to all terms and conditions of this policy. Each coverage described in this policy applies if a limit of insurance or a premium is shown in the Declarations for that coverage.   In return, **you** must pay the premium and comply with all terms and conditions of this policy.

Garage Liability Form 89700 (9-05).

- 9 -

33.

Under SECTION II-COVERAGE, Coverage A, the Garage Policy further

provides, in pertinent part, the following:

**a.** **Bodily Injury And Property Damage Liability (Other Than Auto)**

    **(1)** **We** will pay those sums that **you** become legally obligated to pay as damages because of **bodily injury** or **property damage** to which this insurance applies. **We** will have the right and duty to defend **you** against any **suit** seeking those damages. **We** may at **our** discretion investigate any claim or **occurrence** and settle any claim or **suit** that may result. But:

        **(a)** The amount **we** will pay for damages is limited as described in **Section IV - Limits of Insurance**; and

        **(b)** **Our** right and duty to defend end when **we** have used up the applicable limit of insurance in the payment of judgments or settlements under **bodily injury, property damage** or medical payments.

        No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **Supplementary Payments - Coverages A and B.**

    **(2)** This insurance applies to **bodily injury** and **property damage** only if:

- 10 -

**(a)** The **bodily injury** or **property damage** is caused by an **occurrence** that takes place in the **coverage territory**;

**(b)** The **bodily injury** or **property damage** occurs during the policy period; ….

Garage Liability Form 89700 (9-05).

34.

Relevant to SECTION II-COVERAGE, Coverage A, the Policy contains the

following definitions:

**SECTION I – DEFINITIONS**
…
**D.** **Bodily injury** means bodily injury, bodily sickness, or bodily disease sustained by a person, including death resulting from any of these at any time.

…
**R.** **Occurrence** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

…
**W.** **Property damage** means:

**1.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**2.** Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the **occurrence** that caused it.

For the purposes of this insurance, electronic data is not tangible property.

- 11 -

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

…

**JJ.**   **Your product:**

**1.**   Means:

    **a.**   Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

        **(1)**   **You;**

        **(2)**   Others trading under **your** name; or

        **(3)**   A person or organization whose business or assets **you** have acquired; and

    **b.**   Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    2.    Includes:

        **a.**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of **your product;** and

        **b.**    The providing of or failure to provide warnings or instructions.

    3.    Does not include vending machines or other property rented to or located for the use of others but not sold.

**KK.  Your work:**

**1.**    Means:

        **a.**    Work or operations performed by **you** or on **your** behalf; and
        **b.**    Materials, parts or equipment furnished in connection with such work or operations.

    2.    Includes:

        **a.**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of **your work;** and

- 13 -

**b.** The providing of or failure to provide warnings or instructions.

Garage Liability Form 89700 (9-05).

35.

Relevant to SECTION II-COVERAGE, Coverage A, the Policy contains the

following exclusions:

**2.** **EXCLUSIONS**

**a.** **Bodily Injury And Property Damage Liability (Other Than Auto) and Bodily Injury And Property Damage Liability (Auto)**

This insurance does not apply to:   …

**(4)** Damages claimed for any loss, cost or expense incurred by any person or organization or others for loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:
**(a)** **Your product;**

**(b)** **Your work;** or

**(c)** **Impaired property**

if such product, work, or property is removed or recalled from the market or from use because of a known or

suspected defect, deficiency,
inadequacy or dangerous condition in
it.
…

**b.**     **Bodily Injury And Property   Damage
Liability (Other Than Auto)**

This insurance does not apply to:

**(1)**     **Bodily injury** or **property damage**
expected or intended from the
standpoint of the **insured.**   This
exclusion does not apply to **bodily
injury** resulting from the use of
reasonable force to protect persons or
property.

Garage Liability Form 89700 (9-05).

36.

Under SECTION II-COVERAGE, Coverage B, the Garage Policy further

provides, in pertinent part, the following:

**COVERAGE B – PERSONAL INJURY AND ADVERTISING
INJURY LIABILITY**

**1.**     **COVERAGE**

**a.**     **We** will pay those sums that **you** become legally obligated
to pay as damages because of **personal injury** or
**advertising injury** to which this insurance applies.   **We**
will have the right and duty to defend **you** against any **suit**

seeking those damages.   **We** may at **our** discretion investigate any claim or offense and settle any claim or **suit** that may result.   …

Garage Liability Form 89700 (9-05).

37.

Relevant to SECTION II-COVERAGE, Coverage B, the Policy contains the following definitions:

**SECTION I – DEFINITIONS**

…

**B.**    **Advertising injury** means injury arising out of one or more of the following offenses:

    **1.**    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services in **your advertisement**.

    **2.**    Oral or written publication, in any manner, of material that violates a person's right of privacy in **your advertisement**;

    **3.**    The use of another's advertising idea in **your advertisement;** or

    **4.**    Infringing upon another's copyright, **trade dress** or slogan in **your advertisement**.

**…**

- 16 -

**S.**    **Personal injury** means other than **bodily injury** arising out of one or more of the following offenses:

   **1.**    False arrest, detention or imprisonment;

   **2.**    Malicious prosecution;

   **3.**    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

   **4.**    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or

   **5.**    Oral or written publication, in any manner of material that violates a person's right of privacy.

Garage Liability Form 89700 (9-05).

## COUNT ONE

### 38.

Owners hereby realleges and incorporates the factual allegations of paragraphs 1 through 37 of this Complaint as if set forth fully herein.

39.

Under the terms of the Policy issued to JT Autos, there is no coverage for damages that do not constitute "bodily injury", "property damage", "personal injury", or "advertising injury", as those terms are defined by the Policy.

40.

Owners has no obligation to provide a defense to the Underlying Lawsuit or indemnify any Defendant herein for the damages sought therein because those damages do not constitute defined "bodily injury", "property damage", "personal injury", or "advertising injury".

41.

Owners is entitled to a judgment declaring that no Defendant is afforded coverage under the Policy for the damages sought in the Underlying Lawsuit because those damages do not constitute "bodily injury", "property damage", "personal injury", or "advertising injury"; and, as a result, Owners has no duty to defend or indemnify any Defendant in the Underlying Lawsuit.

## COUNT TWO

42.

Owners hereby realleges and incorporates the factual allegations of paragraphs 1 through 41 of this Complaint as if set forth fully herein.

43.

Under the terms of the Policy issued to JT Autos, there is no coverage for damages because of "property damage" or "bodily injury" which are not the result of an "occurrence" or accident, or which are expected or intended from the standpoint of the insured.

44.

Owners has no obligation to provide a defense to the Underlying Lawsuit or to indemnify any Defendant herein because the damages sought by Watstein constitute "property damage" or "bodily injury" which were intentional (and not caused by an accident) and/or which were expected or intended from the standpoint insured, or were known to be substantially certain to occur due to the insured's knowledge.

45.

Owners is entitled to a judgment declaring that no Defendant is afforded coverage under the Policy for the damages sought by Watstein in the Underlying

Lawsuit because those damages were not caused by an accident and were otherwise intended or expected from the standpoint of the insured; and, as a result, Owners has no duty to defend or indemnify any Defendant herein in the Underlying Lawsuit.

## COUNT THREE

### 46.

Owners hereby realleges and incorporates the factual allegations of paragraphs 1 through 45 of this Complaint as if set forth fully herein.

### 47.

The Policy does not apply to certain defined damages claimed by Watstein for any loss, cost or expense incurred by him for loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of the automobile sold by JT Autos if it was removed or recalled from the market or from use because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

### 48.

All of the damages claimed in the Underlying Lawsuit result from Watstein's alleged loss of use of the automobile sold by JT Autos because Watstein must remove it from use because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

- 20 -

49.

Owners has no obligation to provide a defense to the Underlying Lawsuit or to indemnify any Defendant herein because the damages sought by Watstein are for the alleged loss of use of the automobile sold by JT Autos because Watstein must remove it from use because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

50.

Owners is entitled to a judgment declaring that no Defendant is afforded coverage under the Policy for the damages sought by Watstein in the Underlying Lawsuit because those damages are for the alleged loss of use of the automobile sold by JT Autos because Watstein must remove it from use because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it; and, as a result, Owners has no duty to defend or indemnify any Defendant herein in the Underlying Lawsuit.

WHEREFORE Owners prays that this Court enter judgment that Owners has no duty to defend or indemnify any Defendant herein against the claims asserted in the Underlying Lawsuit; that this Court bind each and every named party herein by said judgment; that Owners be awarded costs in this action; and for further relief as this Court may deem just and appropriate.

This 27th day of June, 2016.

Respectfully submitted,

KENDALL LAW GROUP, LLC


  /s/ Michael C. Kendall
Michael C. Kendall
Georgia Bar No. 414030
*Attorneys for Plaintiff*

3152 Golf Ridge Blvd., Ste. 201
Douglasville, Georgia 30135
Telephone:  (770) 577-3559
Facsimile:   (770) 577-8113
mckendall@kendall-lawgroup.com